

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 31, 1939

Honorable Otto P. Moore
County Attorney
Colorado County
Columbus, Texas

Dear Sir:

Opinion No. O-890
Re: Can the sheriff of Colorado
County legally charge mileage
actually and necessarily traveled
in attempting to serve a criminal
subpoena?

Your request for an opinion on the above stated question
has been received by this office.

Your letter reads, in part, as follows:

"A request has been made to obtain a ruling on the
hereinafter stated question. The facts are as follows:
The sheriff of Colorado County was sent a criminal sub-
poena from another County to be served on William Otto,
who was alleged to live in Garwood, Colorado County, Texas.
Upon going to Garwood for the purpose of serving the said
subpoena, the sheriff learned that William Otto had moved
to Wharton County, Texas, and therefore he did not serve
the subpoena.

"Question:  Can the sheriff of Colorado County legally
charge mileage actually and necessarily traveled in attempt-
ing to serve the subpoena?"

Articles 1029 and 1030, of the Code of Criminal Procedure,
specifically provide and authorize the payment of fees for certain
and specific services rendered by a sheriff in criminal cases. How-
ever, these statutes do not provide that a sheriff can legally charge
mileage actually and necessarily traveled in attempting to serve
a criminal subpoena.

We are unaware of any statutory provision in our statutes
which authorizes a sheriff to collect a fee for an unsuccessful
attempt to serve process or a warrant of arrest, and this Department
has several times held that he is not entitled to fees for such un-
successful attempts.

Hon. Otto P. Moore, Page 2


This Department answered the same question we now have under consideration in the negative in a letter addressed to .. G. Banier, written by Hon. H. Grady Chandler, Assistant Attorney General on June 28th, 1937.

35 Cyc., Page 1592, states the rule as follows:

"The general rule is that the sheriff has no right to mileage in attempting to serve process or make an arrest which is not actually or lawfully served or made, and even though he ultimately serves the process or makes the arrest he cannot charge mileage for previous unsuccessful attempts."

We quote from Corpus Juris, Vol. 57, Page 1112, as follows:

"The statutes sometime allow a sheriff compensation for endeavoring to serve process, although he is unable to find and serve the party; but in the absence of an applicable provision to this effect, the sheriff is entitled to no fees for unsuccessful attempts to serve process."

The compensation of public officers is fixed by the Constitution and Statutes of Texas. Any officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. Crosby County Cattle Co. v. McDermett, 281 S. W. 293; Tex. Jur. Vol. 34, page 511.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that a sheriff cannot legally charge for mileage actually and necessarily traveled in attempting to serve a criminal subpoena.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

AW:BBB

APPROVED
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
            Assistant

Approved: Opinion Committee
By R.W.F., Chairman